Taras Kick, CA Bar No. 143379
Taras@kicklawfirm.com
Tyler J. Dosaj, CA Bar No. 306938
Tyler@kicklawfirm.com
**THE KICK LAW FIRM, APC**
815 Moraga Drive
Los Angeles, California 90049
Tel: (310) 395-2988
Fax: (310) 395-2088

Attorneys for Plaintiffs Blanche Phlaum
and Jason Jones, and the Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCHE PHLAUM and JASON JONES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, and DOES 1-100,<br><br>Defendants. | **CASE NO.:** 5:24-CV-00765-JGB-DTB<br>―――――――<br>**DECLARATION OF TYLER J. DOSAJ IN SUPPORT OF OPPOSITION TO NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date: August 26, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 1<br>**Hon. Jesus G. Bernal** |

# Declaration of Tyler J. Dosaj

I, Tyler Dosaj, declare as follows:

1. I am an attorney at The Kick Law Firm, APC, attorneys for Plaintiffs Blanche Phlaum and Jason Jones and the putative class. I am licensed to practice law in the State of California. I have personal knowledge of the facts stated herein, and if called to testify, could and would competently testify thereto.

2. I have personally reviewed Plaintiff Blanche Phlaum's account statements and have determined that Ms. Phlaum incurred $269.00 in NSF and OD fees between December 18, 2020 and January 17, 2021.

3. Between the time Ms. Phlaum retained The Kick Law Firm, APC and February 24, 2024, I performed 6.9 hours of work in this matter. At my regular billing rate of $650 an hour, my fee for this work amounts to $4,485.00. Attorney Taras Kick of this firm has informed me that he performed 20 hours of work during this period, which at his billing rate of $1,000 per hour amounts to $20,000 in fees.

4. At least forty courts nationwide have denied motions to dismiss Retry NSF claims, including *Varga v. American Airlines Credit Union*, No. CV 20-4380, 2020 WL 8881747, at *5 (C.D. Cal. Dec. 1, 2020) ("As Varga notes, the disclosure states "[w]e assess <u>a fee for each item</u> that we either pay, which results in an overdraft, or do not pay, which would have resulted in an overdraft had we paid it," Opp'n at 20, could lead a consumer to believe that only one fee (indicated by the singular "a fee") would be levied for each item the consumer attempted to purchase, not for each attempt by the merchant to process the transaction. Further, AAFCU's statement that the NSF fee is "$25/each" does not clarify anything, as there is no indication of what "each" modifies. Construing the ambiguous language against the drafter, a consumer could believe that the "each" refers to the specific item the consumer attempts to purchase, not the attempt to process the transaction."); *Johnson v. Flagstar Bank, N.A.*, No. EDCV 23-1626-KK-SPX, 2024 WL 943944, at *3 (C.D. Cal. Jan. 22, 2024) ("While

Defendant argues the Contract's definition of "item" is unambiguous and "contains no limitation as to whether it is the first, second, or third [or essentially limitless]2 'order, instruction, or authorization to pay[,]' " Motion at 20, the Contract similarly does not expressly state that Defendant can charge multiple NSF fees for the same item, regardless of whether it is the first, second, or third attempt at payment. In fact, there are various ways in which the Contract could have clearly stated that multiple payment attempts for the same "item" would result in multiple NSF fees, but Defendant apparently chose not to use language that would be clear and consistent with a reasonable customer's understanding."); *Coleman v. Alaska USA Fed. Credit Union*, No. 3:19-CV-0229-HRH, 2020 WL 1866261, at *3–4 (D. Alaska Apr. 14, 2020) ("It is plausible that a member could have expected to only be charged one NSF fee when she only gave one authorization for an ACH transaction, no matter how many times the merchant presented the transaction for payment . . . Because it is plausible that the Account Agreement "is reasonably susceptible of either meaning[,]" . . . the contract may be ambiguous and defendant's motion to dismiss plaintiff's breach of contract claim must be denied."); *Perks v. TD Bank, N.A.*, 444 F. Supp. 3d 635 (S.D.N.Y. 2020); *Noe v. City National Bank of West Virginia*, No. 3:19-0690, 2020 WL 836871 (S.D. W. Va. Feb. 19, 2020); *Tannehill v. Simmons Bank,* No. 3:19-cv-140-DPM, 2019 WL 7176777 (E.D. Ark. Oct. 21, 2019); *Wilkins v. Simmons Bank*, No. 3:20-cv-116-DPM, 2020 WL 7249030 (N.D. Ark. Dec. 9, 2020); *Richard v. Glens Falls National Bank*, No. 1:20-cv-00734 (BKS/DJS), 2021 WL 810218 (N.D.N.Y. Mar. 3, 2021); *Chambers v. HSBC Bank USA, N.A.*, No. 19-cv-10436 (ER), 2020 WL 7261155 (S.D.N.Y. Dec. 10, 2020); *Morris v. Bank of Am., N.A.*, No. 3:18-CV-157-RJC-DSC, 2019 WL 1274928 (W.D.N.C. Jan. 8, 2019), *report and recommendation adopted in part, rejected in part*, No. 318CV00157RJCDSC, 2019 WL 1421166 (W.D.N.C. Mar. 29, 2019); *McNeil v. Capital One Bank*, No. 1:19-cv-00473-FB-RER, 2020 WL 5802363 (E.D.N.Y. Sept. 29, 2020); *Roy v. ESL Federal Credit Union*, No. 19-CV-6122-FPG,

2020 WL 5849297 (W.D.N.Y. Sept. 30, 2020); *Tisdale v. Wilson Bank and Trust,* No. 19-400-BC, Tenn. Bus. Ct. (Oct. 17, 2019), **Ex.2**; *McMurrin v. America First Credit Union*, No:190909065 CN, 3d Dist. Salt Lake Cnty. Utah (May 5, 2020), **Ex.3**; *Romohr v. The Tennessee Credit Union*, No. 19-1542-BC, Davidson Cnty. Tenn. Ch. Ct. (May 19, 2020), **Ex.4**; *Duncan v. BancFirst*, No. CJ-2020-348, Okla. Cnty. Dist. Ct. (June 3, 2020), **Ex.5**; *Young v. The Washington Trust Co.*, No. 1:19-cv-00524-WES-PAS (D.R.I. June 2, 2020), **Ex.6**; *Vocaty v. Great Lakes Credit Union*, No. 19-L-727, Lake Cnty. Ill. Cir. (June 3, 2020), **Ex.7**; *Garciga v. South Florida Educ. Fed. Credit Union*, No. 2020-000733-CA-01, Miami-Dade Cnty. Fla. (June 19, 2020), **Ex.8**; *Darty v. Scott Credit Union*, No. 19L0793, St. Clair Cnty. Cir. Ct. Ill (June 24, 2020), **Ex.9**; *Baptiste v. GTE Federal Credit Union*, No. 20-CA-002728, 2020 WL 13600942 (Fla.Cir.Ct. July 8, 2020); *Almon v. Independence Bank*, No. 19-CI-000817, McCracken Cir. Ct., Ky. (Mar. 18, 2020), **Ex.10**; *Jones v. Lake Michigan Credit Union*, No. 20-000240-CK, Washtenaw Co. Mich. (Sept. 29, 2020), **Ex.11**; *Teel v. HAPO Comm. Credit Union*, No. 19-2-03193-03, Wash. Sup. Ct. (Aug. 7, 2020), **Ex.12**; *Rivera v. IH Mississippi Valley Credit Union*, No. 2019 CH 299, Rock Island Cnty. Ill. (Oct. 30, 2020), **Ex.13**; *Burgos v. Campus USA Credit Union*, No. 01-2020-CA-1175, Alachua Cnty., Fla. (Dec. 7, 2020), **Ex.14**; *Williams v. Travis Credit Union*, No. FCS054738, Solano Cnty., Cal. Super. Ct. (Oct. 8, 2020), **Ex.15**; *Glass v. Delta Cmty. Credit Union*, No. 2019CV318302, Fulton Cnty., Ga. (Dec. 8, 2020), **Ex.16**; *Pierce v. Safe Credit Union*, No. 34-2020-00275892-CU-CO-GDS, Sacramento Cnty. Cal. (Oct. 29, 2020), **Ex.17**; *Adams v. MAX Credit Union*, No. 46-CV-2020-900119.00, Ala. Cir. Ct. (Feb. 26, 2021), **Ex.18**; *Grice v. Independent Bank*, No. 7:20-CV-01948-JD, 2021 WL 5827238 (D.S.C. Mar. 26, 2021); *Smith v. Jovia Fin. Credit Union*, No. 20CV04237FBST, 2021 WL 4173655 (E.D.N.Y. Aug. 24, 2021), *report and recommendation adopted*, No. 120CV04237FBST, 2021 WL 4173069 (E.D.N.Y. Sept. 14, 2021); *Evans v. Vantage West Credit Union*, Case No.C20231835 (Ariz. Sup. Ct.

**DECLARATION OF TYLER J. DOSAJ IN SUPPORT OF OPPOSITION TO NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pima Cnty., Aug. 7, 2023), **Ex.19**; *The Colombian Spot, et al. v. Dollar Bank*, No. 21-1171, 2022 WL 4610644 (W.D. Pa. Sept. 30, 2022); *Fairchild-Cathey v. Americu Credit Union*, No. 621CV01173LEKML, 2023 WL 198101 (N.D.N.Y. Jan. 17, 2023); *Howards v. Fifth Third Bank*, No. 1:18-CV-869, 2023 WL 1778522, at *7 (S.D. Ohio Feb. 6, 2023); *Watson v. Suffolk Fed. Credit Union*, No. 20CV1531LDHCLP, 2022 WL 523543 (E.D.N.Y. Feb. 22, 2022); *Encarnacion v. Workers Credit Union*, No. 21-CV-40077-DJC, 2022 WL 16574051 (D. Mass. Apr. 14, 2022); *Garcia v. UMB Bank, NA*, No. 1916-CV01874, Jackson Ctny. Cir. Ct., Mo. (Oct. 18, 2019), **Ex.20**; *Hewitt v. UW Credit Union*, No. 20-cv-1295, Wis. Cir. Ct. (Nov. 5, 2020) (Dane Cnty.) (Dkt. 47), **Ex.21**; *Brown v. Educators Credit Union*, No. 2019CV1814, Wis. Cir. Ct. (July 1, 2020) (Racine Cnty.) (Dkt. 51), **Ex.22**.

5. Attached hereto as Exhibit 1 is an excerpt of the 2023 Nacha Operating Rules & Guidelines, which I purchased from NACHA for $105.00 and downloaded on or around February 6, 2023.

6. Attached hereto as Exhibit 2 is a true and correct copy of *Tisdale v. Wilson Bank and Trust,* No. 19-400-BC, Tenn. Bus. Ct. (Oct. 17, 2019).

7. Attached hereto as Exhibit 3 is a true and correct copy of *McMurrin v. America First Credit Union*, No:190909065 CN, 3d Dist. Salt Lake Cnty. Utah (May 5, 2020).

8. Attached hereto as Exhibit 4 is a true and correct copy of *Romohr v. The Tennessee Credit Union*, No. 19-1542-BC, Davidson Cnty. Tenn. Ch. Ct. (May 19, 2020).

9. Attached hereto as Exhibit 5 is a true and correct copy of *Duncan v. BancFirst*, No. CJ-2020-348, Okla. Cnty. Dist. Ct. (June 3, 2020).

10. Attached hereto as Exhibit 6 is a true and correct copy of *Young v. The Washington Trust Co.*, No. 1:19-cv-00524-WES-PAS (D.R.I. June 2, 2020).

11. Attached hereto as Exhibit 7 is a true and correct copy of *Vocaty v. Great Lakes Credit Union*, No. 19-L-727, Lake Cnty. Ill. Cir. (June 3, 2020).

12. Attached hereto as Exhibit 8 is a true and correct copy of *Garciga v. South Florida Educ. Fed. Credit Union*, No. 2020-000733-CA-01, Miami-Dade Cnty. Fla. (June 19, 2020).

13. Attached hereto as Exhibit 9 is a true and correct copy of *Darty v. Scott Credit Union*, No. 19L0793, St. Clair Cnty. Cir. Ct. Ill (June 24, 2020).

14. Attached hereto as Exhibit 10 is a true and correct copy of *Almon v. Independence Bank*, No. 19-CI-000817, McCracken Cir. Ct., Ky. (Mar. 18, 2020).

15. Attached hereto as Exhibit 11 is a true and correct copy of *Jones v. Lake Michigan Credit Union*, No. 20-000240-CK, Washtenaw Co. Mich. (Sept. 29, 2020).

16. Attached hereto as Exhibit 12 is a true and correct copy *Teel v. HAPO Comm. Credit Union*, No. 19-2-03193-03, Wash. Sup. Ct. (Aug. 7, 2020).

17. Attached hereto as Exhibit 13 is a true and correct copy *Rivera v. IH Mississippi Valley Credit Union*, No. 2019 CH 299, Rock Island Cnty. Ill. (Oct. 30, 2020).

18. Attached hereto as Exhibit 14 is a true and correct copy *Burgos v. Campus USA Credit Union*, No. 01-2020-CA-1175, Alachua Cnty., Fla. (Dec. 7, 2020).

19. Attached hereto as Exhibit 15 is a true and correct copy *Williams v. Travis Credit Union*, No. FCS054738, Solano Cnty., Cal. Super. Ct. (Oct. 8, 2020).

20. Attached hereto as Exhibit 16 is a true and correct copy *Glass v. Delta Cmty. Credit Union*, No. 2019CV318302, Fulton Cnty., Ga. (Dec. 8, 2020).

21. Attached hereto as Exhibit 17 is a true and correct copy *Pierce v. Safe Credit Union*, No. 34-2020-00275892-CU-CO-GDS, Sacramento Cnty. Cal. (Oct. 29, 2020).

22. Attached hereto as Exhibit 18 is a true and correct copy *Adams v. MAX Credit Union*, No. 46-CV-2020-900119.00, Ala. Cir. Ct. (Feb. 26, 2021).

**DECLARATION OF TYLER J. DOSAJ IN SUPPORT OF OPPOSITION TO NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

23. Attached hereto as Exhibit 19 is a true and correct copy *Evans v. Vantage West Credit Union*, Case No.C20231835 (Ariz. Sup. Ct. Pima Cnty., Aug. 7, 2023).

24. Attached hereto as Exhibit 20 is a true and correct copy *Garcia v. UMB Bank, NA*, No. 1916-CV01874, Jackson Ctny. Cir. Ct., Mo. (Oct. 18, 2019).

25. Attached hereto as Exhibit 21 is a true and correct copy *Hewitt v. UW Credit Union*, No. 20-cv-1295, Wis. Cir. Ct. (Nov. 5, 2020) (Dane Cnty.) (Dkt. 47).

26. Attached hereto as Exhibit 22 is a true and correct copy *Brown v. Educators Credit Union*, No. 2019CV1814, Wis. Cir. Ct. (July 1, 2020) (Racine Cnty.) (Dkt. 51).

27. Attached hereto as Exhibit 23 is a true and correct copy of *Natal v. Transamerica*, No. 694829, San Diego Cty. Cal. (August 1, 2016).

28. Attached hereto as Exhibit 24 is a true and correct copy of the tentative ruling in *Tomerlin v. The Johns Hopkins University*, No. 2:15-cv-01255, CDCA (June 15, 2015).

29. Attached hereto as Exhibit 25 is a true and correct copy of the tentative ruling in *Tomerlin v. The Johns Hopkins University*, No. 2:15-cv-01255, CDCA (May 14, 2015).

30. Attached hereto as Exhibit 26 is a true and correct copy of the tentative ruling in *Newbold vs. Safe Credit Union*, No. 2020-00280361-CU-BT, Sacramento Cnty. Cal.

31. Attached hereto as Exhibit 27 is a true and correct copy of Consumer Financial Protection Bureau Supervisory Highlights, dated March 27, 2023.

32. Attached hereto as Exhibit 28 is a true and correct copy of the First Amended Complaint, Dkt 64, in *Tomerlin v. The Johns Hopkins University*, No. 2:15-cv-01255, CDCA (May 14, 2015).

///

**DECLARATION OF TYLER J. DOSAJ IN SUPPORT OF OPPOSITION TO NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2024, in Los Angeles, California.

*Tyler Dosaj*
_____
Tyler Dosaj

---

8
**DECLARATION OF TYLER J. DOSAJ IN SUPPORT OF OPPOSITION TO NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**