FRED B. BURNSIDE (State Bar No. 211089)
   fredburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

SANCHO ACCORSI (State Bar No. 329413)
   sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCHE PHLAUM and JASON JONES, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>NAVY FEDERAL CREDIT UNION, and DOES 1-100,<br><br>        Defendants. | Case No. **5:24-cv-00765-JGB-DTB**<br><br>**DEFENDANT NAVY FEDERAL CREDIT UNION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO NAVY FEDERAL CREDIT UNION'S FIRST NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Assigned to the Hon. Jesus G. Bernal<br>Courtroom 1<br><br>Action Filed: April 11, 2024 |

Plaintiff objects to Navy Federal's First Notice of Supplemental Authority (the "Notice"). Dkt. No. 55. His objections are baseless. The Notice informs the Court of binding precedent relevant to the pending motion to dismiss. It was the parties' obligation to bring the decision to the Court's attention. California RPC 3.3 is important, "especially in the district courts, where its faithful observance by attorneys assures that judges are not the victims of lawyers hiding the legal ball." *Transamerica Leasing, Inc. v. Compania Anonima Venezolana de Navegacion*, 93 F.3d 675, 676 (9th Cir. 1996); *see* Cal. R. Prof. Conduct 3.3(a)(2).

Plaintiff first objects that Navy Federal's Notice improperly explains the application of *King v. Navy Federal Credit Union*, No. 24-1838, --- F.4th ---, 2025 WL 2178532 (9th Cir. 2025), to its pending motion to dismiss. *See* Dkt. No. 55 at 2. Plaintiff's reliance on *Nichols v. Harris*, 17 F. Supp. 3d 989 (C.D. Cal. 2014), however, is misplaced legally and factually. Unlike *Nichols*, Navy Federal made no new arguments. *Id.* at 996 n.3 ("Filing a notice of supplemental authority to inform the Court of a new judicial opinion that has been issued is appropriate, but it is an improper occasion to argue outside the pleadings.") (citation omitted). And *Nichols* is distinguishable: the plaintiff submitted *five* notices of supplemental authority, totaling 27 pages of argument along with *five* declarations, making new arguments and adding new evidence. *See Nichols*, Case No. 2:11-cv-9916-SSS-KES (C.D. Cal. 2013), Dkt. Nos. 147-148; 150; 152-156; 159-160. In contrast, the Notice is limited to *five substantive sentences*. Dkt. No. 53. The Court should overrule Plaintiff's objection. *Sanchez v. Navy Federal Credit Union*, 2023 WL 6370235, *1 (C.D. Cal. 2023) (Bernal, J.) (considering a notice of supplemental authority).

Plaintiff also objects to Navy Federal's characterization of *King*. Plaintiff acknowledges *King*'s holding preempts UCL "unfair" and "unlawful" claims, but asserts that it does not extend to "common law claims such as breach of contract."[1]

---

[1] Plaintiff argues *King* does not preempt UCL fraud claims, but he does not bring any UCL fraud claims. *See* SAC ¶¶ 110-121 (alleging UCL unlawful and unfair claims).

Dkt. No. 55 at 2-3. It is true that *King* did not hold that true breach of contract claims are preempted under 12 C.F.R. § 701.35(c). But Plaintiff does not allege Navy Federal breached any term in its contract. Instead, he alleges Navy Federal failed to adequately "define" key terms, to disclose its NSF fee practices in the way that other financial institutions did (SAC ¶¶ 32, 37-40, 50-59), that it defined other terms in a way Plaintiff did not expect (*id.* ¶ 95), and that Navy Federal violated the "spirit" of the parties' contract. *Id.* ¶ 92.

Plaintiff's attempts to dress up disclosure and unfairness claims as a breach-of-contract claim does nothing to eliminate FCUA preemption under *King*, where the Ninth Circuit held that "*all state laws* that regulate account fees—general, specific, or otherwise—*have no application to federal credit unions*." *King*, 2025 WL 2178532, at *6 (emphasis added). *King* held that the FCUA preempts *any state law claim*, no matter how characterized, seeking to dictate how Navy Federal determines which types of NSF fees it may impose, and any "other matters affecting the … maintaining … of a[n] account." 12 C.F.R. § 701.35(c). "State laws regulating such activities are not applicable to federal credit unions." 12 C.F.R. § 701.35(c). "It is difficult to imagine preemption language more explicit than this." *King*, 2025 WL 2178532, at *3. This means "any state laws that attempt to regulate a federal credit union's authority to determine 'the types of fees or charges'" related to its accounts 'are expressly preempted.'" *Id.* (citation omitted).

As *King* explains, FCUA's express preemption is the "broadest possible" type because of the unique nature of federal credit unions. *King*, 2025 WL 2178532, at *3 (citation omitted). "Unlike banks, federal credit unions are owned and democratically controlled by their members," and "federal credit union members could address any 'objectionable' policies by replacing union leadership 'through the election process.'" *Id.* at *2; *see also id.* at *3 (unlike banks, "federal credit union members have a direct say in fee-setting and can force out directors who impose unreasonable fees."). The FCUA regulation "'clearly leaves' the

NAVY FEDERAL'S RESPONSE TO PLAINTIFF'S OBJECTIONS

2

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

1 | determination of fees 'to the discretion' of [Navy Federal's] boards of directors."
2 | *Id.* at *2 (citation omitted). This "Everest-like preemption," *id.* at *4, necessarily
3 | extends to *all* state laws that regulate a federal credit union's determination of fees
4 | affecting share accounts. *See* Mot. at 15-18.

5 | DATED: August 19, 2025.   D AVIS W RIGHT T REMAINE LLP
   FRED B. BURNSIDE
   SANCHO ACCORSI
   MOHAMMAD B. PATHAN (*pro hac vice pending*)

   By: */s/ Fred B. Burnside*
         Fred B. Burnside

   Attorneys for Defendant
   NAVY FEDERAL CREDIT UNION

NAVY FEDERAL'S RESPONSE TO
PLAINTIFF'S OBJECTIONS

3

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899