# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-0765 JGB (DTBx)** | Date | October 10, 2025 |
|---|---|---|---|
| Title | ***Blanche Phlaum, et al. v. Navy Federal Credit Union, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 30) (IN CHAMBERS)**

Before the Court is the remainder of Defendant Navy Federal Credit Union's ("NFCU") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 30.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion and **DISMISSES** the Second Amended Complaint **WITHOUT LEAVE TO AMEND**.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

The Court's previous order outlined the extensive procedural and factual background of this case. As such, the Court presents only limited background here. Plaintiff Jason Jones's Second Amended Complaint contains five remaining claims: Claim One for breach of contract, including the implied covenant of good faith and fair dealing; Claim Two for unjust enrichment; Claim Three for money had and received; Claim Five for a violation of the California Consumer Legal Remedies Act ("CLRA"); and Claim Six for conversion. (See SAC.) These claims stem from Plaintiff's allegation that NFCU improperly charged Retry Non-Sufficient Funds ("NSF") Fees every time a check or debit was submitted to NFCU without a sufficient balance in the account, even if they were submitted repeatedly, rather than only one charge no matter how many times a check or debit was submitted and rejected for insufficient funds. (Id.)

The present Motion was filed on November 4, 2024. (Dkt. No. 30.) Plaintiff opposed on December 9, 2024. ("Opposition," Dkt. No. 34.) NFCU replied on December 23, 2024.

("Reply," Dkt. No. 37.)  The hearing on the Motion was subsequently repeatedly continued while awaiting the Ninth Circuit's decision in <u>King v. Navy Fed. Credit Union</u>, No. 24-1838, 2025 WL 2178532, at *6 (9th Cir. Aug. 1, 2025).  On September 4, 2025, the Court granted-in-part Defendant's Motion as to Claim Four, based on preemption and the <u>King</u> decision.  ("MTD Order," Dkt. No. 60.)  The Court also ordered the parties to submit supplemental briefing on whether <u>King</u> applied to the remaining claims, or whether those claims were otherwise preempted.  (<u>See id.</u>)  The parties simultaneously submitted their responses on September 11, 2025.  ("NFCU Supp.," Dkt. No. 62.; "Pl. Supp.," Dkt. No. 63.)

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6)

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  <u>See</u> <u>Doe v. United States</u>, 419 F.3d 1058, 1062 (9th Cir. 2005); <u>ARC Ecology v. U.S. Dep't of Air Force</u>, 411 F.3d 1092, 1096 (9th Cir. 2005); <u>Moyo v. Gomez</u>, 32 F.3d 1382, 1384 (9th Cir. 1994).  Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  <u>Id.</u>

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B. Rule 15**

Rule 15 provides that leave to amend "shall be freely given when justice so requires."
Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with
extreme liberality.'"  <u>Eminence Cap., L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003)
(quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)).
Generally, a "district court should grant leave to amend even if no request to amend the pleading
was made, unless it determines that the pleading could not possibly be cured by allegation of
other facts."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

## III.   DISCUSSION

As discussed in the Court's MTD Order, the Ninth Circuit recently ruled that "all state
laws that regulate account fees—general, specific, or otherwise—have no application to federal
credit unions."  <u>King v. Navy Fed. Credit Union</u>, No. 24-1838, 2025 WL 2178532, at *6 (9th Cir.
Aug. 1, 2025.  The relevant regulation promulgated by the National Credit Union Administration
("NCUA"), the agency that regulates federal credit unions like NFCU, states:

> A Federal credit union may, consistent with . . . federal law . . . ,
> determine the types of fees or charges and other matters affecting
> the . . . maintaining . . . of . . . [its] account[s]. *State laws regulating*
> *such activities are not applicable to federal credit unions.*

12 C.F.R. § 701.35(c) (emphasis added).

Defendant contends that Claim One is merely a faux contract claim that actually alleges
unfairness and failure to disclose, which are preempted.  (NFCU Supp. at 4-6.)  It argues that
Claims Two, Three, and Six are preempted because they are similarly fairness-based claims that
are preempted.  (<u>Id.</u> at 6-7.)  Finally, NFCU considers Claim Five preempted because the CLRA
claim is a "repackaging of a broader complaint about [NFCU's] fee practices, which at its core,
alleges that [NCFU] failed to adequately disclose it would charge" Retry NSF Fees.  (<u>Id.</u> at 7.)

Plaintiff asserts that Claims One and Five should proceed, but acknowledges that <u>King</u>
preempts Claims Two, Three, and Six.  (Pl. Supp. at 1, fn. 1.)  As such, the Court **GRANTS**
Defendant's Motion as to Claims Two, Three, and Six.  Those claims are **DISMISSED**
**WITHOUT LEAVE TO AMEND**.

**A. Claim One: Breach of Contract and Implied Covenant of Good Faith and Fair Dealing**

Rather than determine whether Claim One is not actually a breach of contract claim and
instead a preempted claim, the Court finds reason to dismiss the claim on its merits because
Plaintiff has failed to state a claim upon which relief can be granted.  <u>See</u> Rule 12(b)(6).  "To
state a breach of contract claim, a party must allege the existence of a contract; performance
under the contract or an excuse for nonperformance; defendant's breach; and resulting

damages." <u>Gerritsen v. Warner Bros. Ent. Inc.</u>, 116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015); <u>see also</u> <u>McKell v. Washington Mut., Inc.</u>, 142 Cal. App. 4th 1457, 1489 (Cal. Ct. App. 2006).

The relevant language of the Consumer Account Agreement ("CAA") between Plaintiff and NFCU is:

> Navy Federal is authorized to refuse checks that exceed funds available in the checking account. A fee will be assessed in the amount shown on Navy Federal's current *Schedule of Fees and Charges* for each refused check.
> . . .
> Navy Federal may return debits to the checking account (e.g., an ACH payment) if the amount of the debit exceeds funds available in the checking account. A fee may be assessed in the amount shown on Navy Federal's current *Schedule of Fees and Charges* for each returned debit item.

(<u>Id.</u>, Ex. A at 4.)  The relevant language of the NFCU Fee Schedule is:

> Non-sufficient funds fee for checks and ACH debit . . . . . . . . . . . . . . . . . . . . . . .
> $29.00

(SAC, Ex. B at 1.)

Plaintiff has properly pled the existence and terms of a contract by including the CAA and Fee Schedule in his SAC.  (Compl. ¶¶ 31-35.)  The issue here is whether NFCU breached. Under California law, "the interpretation of contract language is a question of law."  <u>Atel Fin. Corp. v. Quaker Coal Co.</u>, 321 F.3d 924, 925–26 (9th Cir. 2003).  Though the Court "must take all the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Because the question of breach in this case is a matter of contract interpretation—an issue of law, not fact—the Court need not accept Plaintiff's allegation that NFCU breached.

Plaintiff contends that the CAA and Fee Schedule should be read as authorizing a single fee for any check or debit, no matter how many times it is submitted and rejected.  That is not, however, what the documents communicate.  Plaintiff's SAC alleges that at least some of the Returned Item Fees charged to him were "the result of the same item being re-submitted." (SAC ¶ 60.)  The phrases "each refused check" and "each returned debit item" indicated a fee may be assessed every time a check or debit item is refused or returned, which plainly includes re-submitted requests based on the same check or debit.  A re-submitted check or debit is still, itself, a check or debit independent from the previously submitted check or debit.  The language "each check" and "each . . . debit" therefore covers those resubmissions, and fees may be charged each time under the CAA and Fee Schedule.  The Court in <u>Lambert v. Navy Fed. Credit Union</u> reached the same conclusion on an essentially identical set of facts.  2019 WL 3843064, at *3–5 (E.D. Va. Aug. 14, 2019).  Because, from the face of the SAC, the Court is able to determine the meaning of the account documents and their inconsistency with Plaintiff's theory of breach,

the issue can be disposed of at this stage.  While Plaintiff alleges that NFCU breached, the Court is not obligated to accept that conclusion and the Court finds the plain language of the contract demonstrates no breach occurred.  As such, Plaintiff has failed to state a claim upon which relief can be granted for breach of contract.

Additionally, because the contract gives NFCU a right to charge fees as it did, Plaintiff's "breach of the covenant of good faith and fair dealing claim must be dismissed because [NFCU] honestly exercised its contractual *right* to charge Plaintiff a nonsufficient fund fee . . . ." Lambert, 2019 WL 3843064, at *5.

As such, the Court **DISMISSES** Claim One **WITHOUT LEAVE TO AMEND**.

## B.  Claim Five: CLRA

Plaintiff's CLRA claim is premised on the allegation that NFCU "represented that a single NSF Fee would be assessed per check or item, when in fact its practice was to assess Retry NSF Fees."  (SAC ¶ 124.)  But, as the Court discussed regarding Claim One, NFCU's Fee Schedule and CAA never represented that a single NSF Fee would be assessed even if a check or debit was resubmitted multiple times.  Plaintiff characterizes the CLRA claim as a misrepresentation claim and it is true that King does not appear to change the eligibility of misrepresentation claims.  But Plaintiff has failed to identify a misrepresentation in this case, given the plain language of the CAA and Fee Schedule.  NFCU's fee-charging practices were completely consistent with those documents' language.  As such, Plaintiff has failed to state a claim upon which relief can be granted as to Claim Five.

As such, the Court **GRANTS** Defendant's Motion with respect to Claim Five.  That claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

## IV.   CONCLUSION

For the above reasons, the remainder of Defendant's Motion is **GRANTED**.  Plaintiff's SAC is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**